# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | Case No.: 1:23-cr-00425-APM-1 |
| | * |
| MARISSA LEE BOWLING | |
|     Defendant. | * |

## SENTENCING MEMORANDUM BY MARISSA LEE BOWLING

1. The sentencing guidelines do not apply to the petty misdemeanors to which Ms. Bowling has plead guilty. Her sentence range on each count is zero to six months. Since the underlying factual basis, for each count is exactly the same, it is submitted that she can only be punished once for the same conduct. In other words, the sentences she receives should be run concurrently with one another.

2. Even though her involvement in the offenses is similar to that of her husband/ co-defendant and others, the sentencing factors set forth in 18 U.S.S.G. §3553(a) should be weighed and viewed in light of the conduct specifically attributable to her. Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, the need to avoid unwarranted sentencing disparities, and to provide restitution to victims.

3. Mrs. Bowling agrees with the finding of the Probation office that she is a 30-year-old United States citizen who is married and does not have any biological children. However, she does assist her husband with the raising of her step-son. She is in good physical shape. She has no mental health issues and has no history of substance abuse. Other than the case at bar, she has no criminal history.

4. Mrs. Bowling had a less than idyllic childhood. Her mother perished in a motor vehcle accident when she was six years old due to the negligent conduct of her father which resulted in him being convicted of vehicular homicide. Because of his alcohol and substance abuse problems, she was raised by her aunt. Mrs. Bowling overcame those childhood obstacles by devoting herself to work and to her family.

5. While she was outside the Capitol Building on January 6, 2021, she heard boom sounds followed by a white mist that burned eyes. When that happened, she donned a cheap dust resperator mask that her husband used for painting projects. She did not see who had ignited what she believed to be tear gas bombs, but she believes it was someone in authority. She does not deny that she should not have followed the crowd into the Capitol Building without permission, through the Senate Wing Door while alarms were blaring. Once inside, she did little more than film the scene with her cellular telephone. She did not destroy, damage, deface, or touch any government property. She did not physicalaly assault anyone. She did not exhort, entice or encourage anyone to do anything while she was inside or around the Capitol Building. She did not enter anyone's office. Her crimnaal conduct that day was that of a minimal participant.

6. When she was first questioned by law enforcement officers, Mrs. Bowling falsely denied going to the Capitol or entering the building. When she was interviewed after that, she admitted that she entered the building.

7. After she entered a guilty plea she cooperated with law enforcement and was debriefed by the FBI.

8. She went to Washington, D.C. to hear President Trump speak. A man she believed in. How did a hard-working, law-abiding, naïve waif get thrust into the boiling cauldron of political dissent that shook the foundations of our democracy? Perhaps that question is best answered in the letter submitted to the Court by her Aunt Cheryl, in which she states, "The only thing I can figure is, she got caught up in the moment and followed the crowd."

9. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." <u>Koon v. U.S.</u>, 518 U.S. 81, 113 (1996).

10. The probation office recommends that:

> "A sentence of 24 months (2 years) probation be imposed in this case. The recommended sentence would best meet the sentencing objectives outlined in 18 USC § 3553(a). The proposed sentence is sufficient, but not greater than necessary, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. A probationary sentence would serve to protect the community and fulfill the goals of deterrence and punishment for the defendant. The recommended term of probation will allow the US Probation Office the opportunity to facilitate the defendant's completion of the recommended special conditions: payment of restitution."

11. The Defense agrees with the recommendation of the Probation Office. The proposal considers her as an indiviudaul and punishes her for her criminal misconduct.

12. This court should impose a sentence sufficient, but not greater than necessary, to appropriately punish this defendant as an individual.

Respectfully submitted,

*/s/ T. Jefferson Deen,III*
T. Jefferson Deen, III
Post Office Box 2705
Mobile, Alabama 36652
(251) 433-5860

### Certificate of Service

I do hereby certify that a true and correct copy of the foregoing Notice was served this the 13th day of July 2024 upon all counsel of record by electronically filing the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ T. Jefferson Deen,III*

### CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July 2024, the foregoing document has been electronically filed with the Court via CM/ECF and served upon all interested parties by electronic filing.

***/s/ T. Jefferson Deen, III***
T. Jefferson Deen, III
Attorney at Law